SIEMENS AMERICA, INC., et al., Appellants,

v.

The UNITED STATES, Appellee.

Appeal No. 82–12.

United States Court of Appeals, Federal Circuit.

Nov. 12, 1982.

---

Louis Schneider, New York City, argued for appellants. With him on the brief was Freeman, Wasserman & Schneider, New York City.

Madeline B. Kuflik, New York City, argued for appellee. With her on the brief was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and KASHIWA, Circuit Judge.

RICH, Circuit Judge.

This appeal is from the decision and judgment of the United States Court of International Trade, 2 CIT ——, Slip.Op. 81–91 (October 7, 1981), on remand from the United States Court of Customs and Patent Appeals (CCPA), in *United States v. Siemens America, Inc.*, 84 Cust.Ct. 180, C.D. 4856, 496 F.Supp. 266 (1980), *rev'd,* 68 CCPA ——, C.A.D. 1266, 653 F.2d 471 (1981), holding that an established and uniform practice to classify the merchandise at issue (surge voltage protectors [SVPs]) under TSUS item 687.60 did not exist within the meaning of 19 U.S.C. § 1315(d) and that, therefore, no published notice was required before the Customs Service imposed a higher rate of duty under TSUS item 685.90. We affirm the judgment dismissing the action.

### Background

Familiarity is presumed with the background of this case, as found in the opinions cited above.

Notwithstanding the CCPA ruling that the merchandise is properly classified under TSUS item 685.90, the sole issue on this second appeal is the validity of appellants' contention, considered on remand from the CCPA, that such classification is not applicable to appellants' importations because the Customs Service change in classification of the SVPs to item 685.90 from item 687.60 was a change in an "established and uniform practice" as contemplated by 19 U.S.C. § 1315(d) which, therefore, required notice by publication before it could become effective.

### OPINION

The Court of International Trade stated that "plaintiffs do not contend that the letter of July 27, 1970 contains a *finding* of an established and uniform practice respecting the classification of SVPs." (Emphasis ours.) Nor do they so contend in this court. It is here argued that the letter ruling "mandated the establishment of a uniform practice," that it "[created] a uniform practice," and that it "established in fact this uniform practice."

As noted by the government, however, the statement in the unpublished letter ruling that "This decision is being circulated to all Customs Officers in order that the merchandise may be uniformly so classified at each port at which it may be entered," is a practice which is necessary in order to conform with the constitutional mandate that "all Duties, Imposts and Excises shall be uniform throughout the United States." U.S.Const. art. I, § 8, cl. 1. Accordingly, this does not aid appellants in their argument that from that letter ruling alone "there resulted an established and uniform practice."

Notwithstanding that appellants cannot point to a "finding" by the Secretary of an established and uniform practice, they contend that distribution of the letter ruling and the subsequent liquidation of approximately 100 entries under item 687.60 over a period of almost two years at the Port of

New York created an established and uniform practice as to the classification of the SVPs.

Assuming, *arguendo,* that a "finding" by the Secretary is not a prerequisite to application of 19 U.S.C. § 1315(d), *c.f. Ditbro Pearl Co. v. United States,* 62 CCPA 95, C.A.D. 1152, 515 F.2d 1157 (1975), we agree with the Court of International Trade that appellants have nevertheless failed to sustain their burden of proving that there existed an established and uniform practice of classifying the SVPs under TSUS item 687.-60.

Appellants' efforts at trial centered almost exclusively on attempting to establish erroneous classification of the SVPs on the basis of expert testimony as to their physical attributes, and the record, at best, shows only that for two years appellants' imported SVPs were uniformly classified at the Port of New York and that, thereafter, they were classified under TSUS item 685.90.* Further, as noted by the trial court, appellants failed to prove that they were the sole importer of SVPs and that SVPs were imported solely at the Port of New York.

Because the *unpublished* letter ruling cannot make up for the insufficiency of appellants' evidence, the judgment of the trial court is *affirmed.*

---

* We say "at best" because although a witness for appellants testified that after the letter ruling "Approximately a hundred entries, covering the time of two years" were liquidated pursuant to TSUS item 687.60, the record also indicates that during the first five months of 1970 a number of entries were liquidated under TSUS item 685.90. Those liquidations were protested before the issuance of the letter ruling, but the protests were *denied* almost five months *after* its issuance.